# SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00088**

JESSE C. STONE
FEB 22, 2022 01:11 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCCV00088

Steven Kendrick (Tax Commissioner)

_____
**PLAINTIFF**

**VS.**

Bennett, John Paul
Dept. of The Treasury, Internal Revenue
Service
Odessa Trading Corporation c/o John O.
Adams, III
Georgia Dept. of Revenue

_____
**DEFENDANTS**

## SUMMONS

TO: GEORGIA DEPT. OF REVENUE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **John Manton**
> **Shepard, Plunkett & Hamilton, LLP**
> **429 Walker Street**
> **Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of February, 2022.**

Clerk of Superior Court

_____
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

# SUPERIOR COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

✤ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00088**

JESSE C. STONE
FEB 22, 2022 01:11 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCCV00088

Steven Kendrick (Tax Commissioner)

_____

**PLAINTIFF**

**VS.**

Bennett, John Paul
Dept. of The Treasury, Internal Revenue
Service
Odessa Trading Corporation c/o John O.
Adams, III
Georgia Dept. of Revenue

_____

**DEFENDANTS**

## SUMMONS

TO: ODESSA TRADING CORPORATION C/O JOHN O. ADAMS, III

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> John Manton
> Shepard, Plunkett & Hamilton, LLP
> 429 Walker Street
> Augusta, Georgia 30901

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of February, 2022.**

Clerk of Superior Court

_Hattie Holmes Sullivan_

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

# SUPERIOR COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

✤ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00088**

JESSE C. STONE
FEB 22, 2022 01:11 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER   2022RCCV00088

Steven Kendrick (Tax Commissioner)

---

**PLAINTIFF**

**VS.**

Bennett, John Paul
Dept. of The Treasury, Internal Revenue
Service
Odessa Trading Corporation c/o John O.
Adams, III
Georgia Dept. of Revenue

---

**DEFENDANTS**

---

## SUMMONS

TO: DEPT. OF THE TREASURY, INTERNAL REVENUE SERVICE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **John Manton**
> **Shepard, Plunkett & Hamilton, LLP**
> **429 Walker Street**
> **Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of February, 2022.**

Clerk of Superior Court

*Hattie Holmes Sullivan*

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

# SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2022RCCV00088**
JESSE C. STONE
FEB 22, 2022 01:11 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER   2022RCCV00088

Steven Kendrick (Tax Commissioner)

---

**PLAINTIFF**

VS.

Bennett, John Paul
Dept. of The Treasury, Internal Revenue Service
Odessa Trading Corporation c/o John O. Adams, III
Georgia Dept. of Revenue

---

**DEFENDANTS**

---

**SUMMONS**

TO: BENNETT, JOHN PAUL

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **John Manton**
> **Shepard, Plunkett & Hamilton, LLP**
> **429 Walker Street**
> **Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of February, 2022.**

Clerk of Superior Court

*Hattie Holmes Sullivan*

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2022RCCV00088**
JESSE C. STONE
FEB 22, 2022 01:11 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

### IN THE SUPERIOR COURT OF RICHMOND COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| STEVEN KENDRICK, In His Official Capacity ) | |
| as Tax Commissioner of Augusta, Georgia ) | Civil Action No. _____ |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN PAUL BENNETT, DEPARTMENT OF ) | |
| THE TREASURY, INTERNAL REVENUE ) | |
| SERVICE, ODESSA TRADING ) | |
| CORPORATION, AND GEORGIA ) | |
| DEPARTMENT OF REVENUE ) | |
| ) | |
| Respondents. ) | |

### VERIFIED COMPLAINT FOR INTERPLEADER

COMES NOW, Steven Kendrick, in his official capacity as the Tax Commissioner of Richmond County, hereinafter referred to as "Petitioner," and pursuant to O.C.G.A. § 48-4-5(b), files this Complaint for Interpleader respectfully showing this Honorable Court as follows:

1.

The subject matter of this Interpleader consists of excess funds from a sheriff's sale conducted by the petitioner, of property located at 2918-A Old Morris Road, Augusta, Georgia 30909, Map/Parcel Number 038-0-067-00-0, (hereinafter referred to as the "property").

2.

Respondent John Paul Bennett, is subject to the jurisdiction and venue of this Court as a result of being a potential claimant to the excess proceeds from a sheriff's sale of the property. John Paul Bennett may be served with this action by delivering a copy of the Summons and

Complaint to his last known address, 626 Hampton Circle, North Augusta, South Carolina, 29841.

3.

Respondent Department of Treasury, Internal Revenue Service is subject to the jurisdiction and venue of this Court as a result of being a potential claimant to the excess proceeds from a sheriff's sale of the property. The Department of Treasury, Internal Revenue Service may be served with this action by delivering a copy of the Summons and Complaint to the Headquarters for the Small Business/Self Employed Division at 5000 Ellin Road, Lanham, Prince George's County, Maryland, 20706.

4.

Respondent Georgia Department of Revenue is subject to the jurisdiction and venue of this Court as a result of being a potential claimant to the excess proceeds from a sheriff's sale of the property. The Georgia Department of Revenue, Special Procedures Section, may be served with this action by delivering a copy of the Summons and Complaint at 1800 Century Blvd., NE, 15th Floor, Atlanta, DeKalb County, Georgia 30345.

5.

Respondent Odessa Trading Corporation is a corporation registered to transact business in Georgia. Odessa Trading Corporation is subject to the jurisdiction and venue of this Court as a result of being a potential claimant to the excess proceeds from a sheriff's sale of the property. Odessa Trading Corporation may be served with this action by delivering a copy of the Summons and Complaint to its registered agent for service of process, John O. Adams, III, 3765 Windlake Drive, Snellville, Gwinnett County, Georgia 30039.

6.

All of the Respondents may be claimants to the funds that are the subject matter of this Interpleader.

7.

On or about October 5, 2021, because of failure to satisfy delinquent tax bills, and after giving legal notice, Petitioner conducted a Sheriff's Sale of the property in the manner prescribed by Georgia law.

8.

The property was then and there knocked off and sold to the highest bidder for cash, Lisa L. Brittian, for the sum of FORTY-SEVEN THOUSAND AND NO/100 ($47,000.00) DOLLARS. Accordingly, Petitioner conveyed the property to Lisa L. Brittian by Sheriff's Deed. Attached is a copy of said deed marked as Exhibit "A."

9.

Thereafter, Petitioner applied the proceeds received from the Sheriff's Sale to the sum due the Petitioner. The sum due at the time, which was to satisfy tax fieri facias, was FIVE THOUSAND FOUR HUNDRED SIXTY-EIGHT AND 75/100 (5,468.75) DOLLARS.

10.

After the proceeds were applied to the amounts due and owing Petitioner, and after payment of statutory fees and costs associated with foreclosure, Petitioner is in possession of FORTY-ONE THOUSAND FIVE HUNDRED THIRTY-ONE AND 25/100 ($41,531.25) DOLLARS.

11.

Respondents either claim that they are each entitled to receive all or part of the excess proceeds or have an interest in the same.

12.

By this action, Petitioner seeks to place all parties on notice of the sale of the property and the existence of the excess funds.

13.

By reason of these adverse and conflicting claims of Respondents, Petitioner is in doubt as to which Respondent is to be paid what amounts out of the excess proceeds.

14.

Petitioner is a disinterested stakeholder in the proceedings because it claims no interest in any sums resulting from excess proceeds and is willing to have said sum paid or delivered to whomever this Court may direct.

15.

Petitioner is not independently liable to any Respondent in that Petitioner properly received these funds from its legally appropriate sheriff's sale of the property. The funds received from the sale have been applied to satisfy the delinquent tax bills due the petitioner.

16.

Petitioner has no other adequate remedy at law because it is only through an action of interpleader that petitioner would be able to satisfy the claim of one or more of the Respondents, if any, without being subject to the possibility of lawsuits by other possible Respondents.

17.

Petitioner hereby tenders the proceeds, in the amount of FORTY-ONE THOUSAND FIVE HUNDRED THIRTY-ONE AND 25 ($41,531.25) DOLLARS, for deposit with the Clerk of Court.

18.

Through the date of this pleading, Petitioner has incurred attorney fees and costs in bringing this action, and prays that the Court award these sums from the funds tendered as well as any fees and costs that Petitioner may incur after the date of this pleading and a determination as to whether any taxes owed to Augusta-Richmond County relating to the property should be paid from the excess funds.

WHEREFORE, Petitioner prays for judgment against Respondents, and each of them as follows:

1.)    For judgment that Respondents be required to interplead and settle among themselves the claim to the proceeds;

2.)    For judgment that Petitioner be awarded its costs, expenses and reasonable attorney's fees in bringing this interpleader action;

3.)    For judgment that, upon payment into the registry of the Court of the excess funds, Petitioner be discharged and relieved of any further liability in this matter, except to the extent the Court shall adjudge the division of the proceeds and except for Petitioner's ability to recover its reasonable attorney fees and expenses set forth in the previous subparagraph of this Complaint;

4.)    That Petitioner be dismissed from this action once the sums are placed into the Registry of the Court; and

5.)    For such further relief as this Court deems just and proper.

This 22ⁿᵈ day of _February_____, 2022.

John P. Manton III
Attorney for Petitioner
Georgia Bar No. 469904

SHEPARD, PLUNKETT & HAMILTON, LLP
429 Walker Street, Upper Level
Augusta, Georgia 30901
(706)722-4111

**VERIFICATION**

**PERSONALLY, APPEARED** before the undersigned officer of this State, authorized by law to administer oaths, STEVEN KENDRICK, who, after being duly sworn according to the law deposes and says on oath that the facts contained in the Respondent's Answer are true and correct to the best of his knowledge and belief.

This _8th_ day of _February_ , 2022.

_____
STEVEN KENDRICK

SWORN TO AND SUBSCRIBED BEFORE ME
THIS _8th_ DAY OF _February_ , 2022.

_____
NOTARY PUBLIC

My commission expires: 11/17/2025

*EXHIBIT "A"*

File & Return To:
Richmond County Tax Commissioner's Office
535 Telfair St. Suite 100
Municipal Building

D: DEED B: 1817 P: 1811  Doc #: 2021042129  SHFD
12/14/2021 08:26:16 AM Total Pages: 1
Recording Fee:   $ 0.00
Transfer Tax:    $0.00
Hattie Holmes Sullivan, Clerk of Court, Augusta-Richmond County

State of Georgia
RICHMOND County

TAX PARCEL ID 038-0-067-00-0

### SHERIFF'S TAX DEED

WITNESSETH THAT, WHEREAS, in obedience to writ(s) of Fieri Facias issued against John P Bennett the Taxpayer and Defendant in Fieri Facias, for unpaid State, County and School taxes for the year(s)2014-2020, said Tax Commissioner and Ex Officio Sheriff did levy the within described property as property of John P Bennett serve notice, and, after the same being duly advertised agreeable to law, expose the said property within the legal hours of sale, at public outcry at the Courthouse in RICHMOND County on October 5, 2021, offering the whole, said lot for sale, at which time Lisa L. Brittian, herein was the best and highest bidder of said property.

NOW, THEREFORE, in consideration of the sum of $47,000.00, receipt of which is hereby acknowledged, the said Deputy Ex-Officio Sheriff, does grant, bargain, sell and convey, so far as the Office of Ex Officio Sheriff authorizes him/her, unto the said Lisa L. Brittian, heirs and assigns, said property to wit:

All and only that parcel of land, with all improvements thereon, designated as Tax Parcel 038-0-067-00-0, lying and being in Richmond County, Georgia, containing 3.38 acres, more or less, being a portion of the property shown in Realty Reel 246, Page 963, and described in Deed Book 551, Page 565, the description contained therein being incorporated herein by this reference, known as 2918 A Old Morris Road.

TO HAVE AND TO HOLD the said described premises, together with all the rights, members and appurtenances thereof; and, also, all the estate, right, title, interest, claim or demand of the said Taxpayer and Defendant in Fieri Facias, heirs and assigns, legal, equitable or otherwise whatsoever, in and to the same, unto the said Lisa L. Brittian, heirs and assigns, subject to the right of redemption as provided by law. Said property is sold subject to all recorded easements, covenants, and right of ways in the said county land records.

THIS INDENTURE made this October 20, 2021, between STEVEN B. KENDRICK, EX-OFFICIO SHERIFF OF RICHMOND COUNTY, GEORGIA, and Lisa L. Brittan.

IN WITNESS WHEREOF, the said EX-OFFICIO SHERIFF has signed and sealed this deed, the date first above written.

Signed, Sealed and delivered
in the presence of:

_Blanche D. Hill_ (Seal)
Unofficial Witness

_Linda R. Bowers_
Notary Public

_____ (Seal)
Steven B. Kendrick
Tax Commissioner and Ex Officio Sheriff of
Richmond County, Georgia

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

2022RCCV00088

JESSE C. STONE
FEB 22, 2022 01:11 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

**IN THE SUPERIOR COURT OF RICHMOND COUNTY, GEORGIA**

**Civil Action File No. 2022RCCV00088**

| | |
|---|---|
| Steven Kendrick (Tax Commissioner) ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Judge: JESSE C. STONE** |
| ) | |
| Bennett, John Paul ) | |
| Dept. of The Treasury, Internal Revenue ... ) | |
| Odessa Trading Corporation c/o John O. A... ) | |
| Georgia Dept. of Revenue ) | |
| Defendants ) | |

## STANDING ORDER FOR MEDIATION IN CIVIL CASES

In accordance with the mandate of the Georgia Constitution of 1983 that the judicial branch of government provide "speedy, efficient, and inexpensive resolution of disputes and prosecutions," and pursuant to Uniform Superior Court Rule 1.2 as well as the Georgia Supreme Court's Alternative Dispute Resolution Rules encouraging the use of alternative dispute resolution by the courts of this state, the following **Standing Order for Mediation in Civil Cases** is hereby entered. As set forth herein, all contested civil matters filed in the Superior Court of the Augusta Judicial Circuit, may be mediated in accordance with this Order.

When the presiding judge orders mediation in any case, mediation must be conducted in compliance with this Order. All such mediation shall be conducted in accordance with the rules of the Augusta Judicial Circuit Alternative Dispute Resolution Program (hereinafter "ADR Program.") The referring judge shall enter an Order Referring the Case to ADR. This order will be filed with the Clerk of Court, and a copy of the order will be provided to the ADR Program, the parties, and attorneys of record. Upon referral to the ADR Program, cases shall be screened to determine whether the case is appropriate for ADR, whether the parties are able to compensate the mediator, or whether a need for emergency relief makes referral inappropriate.

### Selection of a Mediator

The parties shall agree on a mediator registered by the Georgia Office of Dispute

Resolution who have been chosen for service in the Augusta Judicial Circuit ADR Program. In the event that parties desire to use a mediator who has not been chosen for service in the Augusta Judicial Circuit ADR Program, the parties shall petition the Court to utilize any mediator that is registered by the Georgia Office of Dispute Resolution. If the Court approves such petition, the parties shall notify, in writing, the ADR Program of the name of the mediator, the time and location of mediation. The selected mediator shall be paid in accordance with the agreement of the parties and the mediator.

Parties shall contact the mediator directly and schedule the mediation. Plaintiff's counsel shall provide, in writing, the date of mediation and the name of the mediator selected to the ADR Program, by completing the Notice of Mediation Status Form (Attachment A). Unless otherwise agreed, the parties shall share the cost of mediation and should be prepared to pay the mediator at the conclusion of the session.

In the event the parties fail to agree upon a mediator, the presiding judge or the ADR Program shall appoint a neutral mediator and set the mediation fee.

If any party is unable to afford the cost of mediation, that party may contact the ADR Program to request an Application for Fee Waiver/Fee Reduction.

## **Attending Mediation**

Unless exempted by or excused by the Court, the presence of parties at all mediation conferences is required. A party's representative may appear on behalf of the party if the representative has a complete and full understanding of the dispute and full knowledge of the facts, and full authority to settle without further consultation; or a representative of an insurance carrier for any insured party if that representative has full authority to settle without further consultations, with the exception of a telephone consultation with immediately available parties. Upon agreement of all parties, the insurance carrier representative may appear via the telephone, or other virtual medium.

The parties and the attorneys of record shall negotiate in good faith to resolve any issues with the neutral mediator.

Within seven (7) days after mediation, the parties or the attorneys of record shall notify the ADR Program whether mediation was successful.

Compliance with this Order does not require the parties to reach a settlement.  The neutral mediator has no authority to compel a settlement, and any settlement must be voluntary. In the absence of settlement, the parties lose none of their rights to a final hearing or trial.

### **Mandatory Exemptions**

The following shall be exempt from mediation except upon petition of all parties, or sua sponte by the court:

1.  Appeals from rulings of administrative agencies;
2.  Forfeitures of seized properties;
3.  Bond validations;
4.  Declaratory relief.

The Georgia Supreme Court Alternative Dispute Resolution Rules and the Augusta Judicial Circuit Alternative Dispute Resolution Rules, updated annually, provide protections, immunities, and benefits to parties, counsel, and registered neutrals in properly conducted court-connected mediations.  All submissions provided to a registered neutral mediator, discussions, representations, and statements made in connection with a court-connected mediation proceeding shall remain confidential and privileged consistent with Georgia law.  The neutral mediator or any observers present in the court-annexed or court-referred ADR may not be subpoenaed or required to testify concerning the mediation in any subsequent proceeding.

**SO ORDERED** this _____ day of _____, 20_____.

_____
Judge, Superior Court
Augusta Judicial Circuit

**IN THE SUPERIOR COURT OF** _____ **COUNTY, GEORGIA**

**Civil Action File No.** _____

|                                   |     |
|-----------------------------------|-----|
|                                   | )   |
|                                   | )   |
| **Plaintiff,**                    | )   |
| v.                                | )   |
|                                   | )   |
|                                   | )   |
|                                   | )   |
| **Defendant.**                    | )   |

## NOTICE OF MEDIATION STATUS

☐   I do hereby confirm that the parties in the above-styled action have selected and agreed to the following registered neutral mediator:

Mediator's Name: _____

Date of Mediation: _____

☐   Parties request a mediator be assigned by the Augusta Judicial Circuit ADR Program.

This _____ day of _____, 20_____.

_____

Plaintiff's Counsel

_____

Printed Name:

## IN THE SUPERIOR COURT OF RICHMOND COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| STEVEN KENDRICK, In His Official Capacity<br>as Tax Commissioner of Augusta, Georgia | )<br>) Civil Action No. 2022-RCCV-00088<br>) |
| Petitioner | )<br>) |
| v. | )<br>) |
| JOHN PAUL BENNETT, DEPARTMENT OF<br>THE TREASURY, INTERNAL REVENUE<br>SERVICE, ODESSA TRADING<br>CORPORATION, AND GEORGIA<br>DEPARTMENT OF REVENUE | )<br>)<br>)<br>)<br>) |
| Respondents. | ) |

### NOTICE OF HEARING

TO THE ABOVE NAME RESPONDENT(S):

You are hereby notified that a hearing will be held before a Court of competent jurisdiction pursuant to O.C.G.A. § 48-4-79 at **2:30 p.m.** on **Tuesday, March 29, 2022, at the Judicial Center located at 735 James Brown Boulevard, Augusta, Georgia in Courtroom 2-B,** before the Honorable Jesse C. Stone, Judge of the Superior Court of Richmond County, Georgia.

You have the right to file an Answer to the Complaint served upon you, appear in person at the hearing, be represented by an attorney and offer testimony at the time and place fixed for the hearing. If you file an Answer, serve the Answer on the Clerk of said Court and upon Petitioner's attorney, John P. Manton, III at Plunkett, Hamilton, Manton & Graves, LLP located at 429 Walker Street, Upper Level Augusta, Georgia 30901. If you fail to appear, judgment by default may be taken against you for the relief demanded in the Complaint.

This 3rd day of March, 2022.

PLUNKETT, HAMILTON, MANTON &
GRAVES, LLP
429 WALKER STREET, UPPER LEVEL
AUGUSTA, GEORGIA 30901
(706) 722-4111

BY:
AUGUSTA, GEORGIA


JOHN P. MANTON, III, ATTORNEY
STATE BAR NO. 469904

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the NOTICE OF HEARING upon JOHN PAUL BENNETT along with the service of the Verified Complaint For Interpleader, in this matter.

This _3ʳᵈ_ day of _March_____, 2022.

PLUNKETT, HAMILTON, MANTON &
GRAVES, LLP
429 WALKER STREET, UPPER LEVEL
AUGUSTA, GEORGIA 30901
(706) 722-4111

BY:
AUGUSTA, GEORGIA


JOHN P. MANTON, III, ATTORNEY
STATE BAR NO. 469904

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the NOTICE OF HEARING upon DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, along with the service of the Verified Complaint For Interpleader, in this matter.

This _3rd_ day of _March_, 2022.


PLUNKETT, HAMILTON, MANTON &
GRAVES, LLP
429 WALKER STREET, UPPER LEVEL
AUGUSTA, GEORGIA 30901
(706) 722-4111

BY:
AUGUSTA, GEORGIA

JOHN P. MANTON, III, ATTORNEY
STATE BAR NO. 469904

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the NOTICE OF HEARING upon GEORGIA DEPT. OF REVENUE, along with the service of the Verified Complaint For Interpleader, in this matter.

This _3rd_ day of _March_ , 2022.


PLUNKETT, HAMILTON, MANTON &          BY:
GRAVES, LLP                           AUGUSTA, GEORGIA
429 WALKER STREET, UPPER LEVEL
AUGUSTA, GEORGIA 30901
(706) 722-4111                        JOHN P. MANTON, III, ATTORNEY
                                      STATE BAR NO. 469904

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the NOTICE OF HEARING upon ODESSA

TRADING CORPORATION, along with the service of the Verified Complaint For Interpleader,

in this matter.

This _3ʳᵈ_ day of ___March___, 2022.


PLUNKETT, HAMILTON, MANTON &
GRAVES, LLP
429 WALKER STREET, UPPER LEVEL
AUGUSTA, GEORGIA 30901
(706) 722-4111

BY:
AUGUSTA, GEORGIA


JOHN P. MANTON, III, ATTORNEY
STATE BAR NO. 469904