IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| STEVEN KENDRICK, in his Official Capacity as Tax Commissioner for Richmond County, Georgia, | * * * * * | |
| Petitioner, | * * * | |
| v. | * * | CV 122-045 |
| JOHN PAUL BENNETT; DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; ODESSA TRADING CORP.; and GEORGIA DEPARTMENT OF REVENUE, | * * * * * * | |
| Respondents. | * | |

## AMENDED ORDER

Currently pending before the Court are two motions: (1) a joint motion for final distribution of excess funds (Doc. 19) and (2) a joint motion to dismiss Respondent Georgia Department of Revenue ("GDOR") (Doc. 21). Upon due consideration, the Court **GRANTS** both motions.

### I. BACKGROUND

On October 5, 2021, Petitioner Steven Kendrick, Tax Commissioner for Richmond County, Georgia, conducted a Sheriff's Sale of a piece of property located in Richmond County, Georgia to satisfy delinquent tax bills. (Doc. 1-1, at 5-7.) After satisfying the taxes owed, $41,531.25 of excess funds remained in

Petitioner's possession. (Id. at 7.) Petitioner then filed a Verified Complaint for Interpleader in the Superior Court of Richmond County because Respondents John Paul Bennett ("Bennett"), the Department of the Treasury, Internal Revenue Service ("IRS"), Odessa Trading Corporation ("Odessa"), and the GDOR had or could have made a claim for the excess funds and Petitioner was uncertain to whom the funds should be paid. (Id. at 8.)

The IRS, through the United States Attorney, removed the Interpleader to this Court. (Doc. 1.) Prior to removal, Petitioner deposited the excess funds in the amount of $41,232.78 into the registry of the Richmond County Superior Court. (Doc. 5, at 2.) This Court then ordered the transfer of the excess funds from the Superior Court registry into the registry of this Court, awarded Petitioner $1,500 for reasonable costs and attorney's fees, and dismissed Petitioner from this case with prejudice. (Doc. 6, at 4.)

Odessa and the GDOR did not respond to the Complaint and as a result, the Clerk of Court entered default against both parties on September 13, 2022. (Docs. 16-17.) On September 14, 2022, the IRS and Bennett submitted this joint motion for final distribution of excess funds (Doc. 19), and the next day, the GDOR entered a notice of appearance (Doc. 20), and Bennett, the IRS, and the GDOR submitted a joint motion to dismiss the GDOR (Doc. 21).

2

## II. DISCUSSION

The Court first addresses the motion to dismiss, followed by the motion to deposit excess funds.

### A. Motion to Dismiss GDOR

Bennett, the IRS, and the GDOR filed this joint motion to dismiss the GDOR and argue that dismissal is proper because the GDOR has no interest in the excess funds, it is not asserting a claim against the funds, and it is not a necessary party to this action. (Doc. 21, at 1.) "Generally, a party who claims no interest in the disputed property need not be a part of an action in interpleader." Rainmaker Int'l, Inc. v. Seaview Mezzanine Fund, L.P., No. CV408-017, 2008 WL 4533981, at *1 (S.D. Ga. Oct. 8, 2008) (citations omitted). Because the GDOR has disclaimed its interest in the interpleader funds and it is not a necessary party, the joint motion to dismiss (Doc. 21) is **GRANTED** and the GDOR is **DISMISSED** from this case.

### B. Motion for Final Distribution of Excess Funds

Next, the IRS and Bennett move for final distribution of the excess funds. (Doc. 19.) In this motion, the IRS and Bennett ask the Court for an entry of default against Odessa and to distribute $31,911.90 of the excess funds to the IRS and $7,820.88 to Bennett. (Id. at 3.) The Court addresses each request below.

#### 1. Motion for Default Judgment

The IRS and Bennett ask this Court for an "entry of default" against Odessa. (Id.) However, the Clerk of Court already entered

Case 1:22-cv-00045-JRH-BKE   Document 25   Filed 11/04/22   Page 4 of 7

default against Odessa on September 13, 2022 (Doc. 16); therefore, the Court construes this as a motion for default judgment.

"[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for a judgment entered. . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Before entering default judgment, the Court must have subject matter jurisdiction and personal jurisdiction over the parties. Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

As for subject matter jurisdiction, Petitioner filed this interpleader action pursuant to O.C.G.A. § 48-4-5(b) in the Superior Court of Richmond County. (Doc. 1-1.) The IRS subsequently removed the case to this Court. (Doc. 1.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of an action "against or directed to . . . "[t]he United States or any agency thereof . . . for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the . . . collection of the revenue." 28 U.S.C. § 1442(a)(1). "Section 1442 plainly grants the United States and federal agencies, such

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

4

as the IRS and the Taxpayer Advocate Office, the ability to remove actions to a federal district court when they are sued in state court." Johnson v. I.R.S., No. 2:04-cv-173, 2005 WL 6272919, at *2 (S.D. Ga. Sept. 30, 2005) (denying the plaintiff's motion to remand when the IRS removed the case to federal court based on 28 U.S.C. § 1442(a)(1)). Personal jurisdiction is uncontested.

Once jurisdiction is established, obtaining default judgment is a two-step process. Am. Nat. Gen. Ins. Co. v. Childers, No. 09-0172, 2009 WL 3245221, at *2 (S.D. Ala. Oct. 2, 2009). "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint." Id. (quoting Travelers Cas. & Surety Co. of Am., Inc. v. East Beach Dev., LLC, No. 07-0347, 2007 WL 4097440, *1 (S.D. Ala. 2007)). "[S]econd, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." Id.

Here, the Clerk entered default against Odessa on September 13, 2022, and the IRS and Bennett now move for an entry of default judgment. (Doc. 19, at 3.) Therefore, the two requirements are satisfied. The Court finds default judgment may be entered against Odessa, and Odessa has forfeited any claim of entitlement to the interpleader funds. See, Am. Nat. Gen. Ins. Co., 2009 WL 3245221, at *3 (finding the defendant forfeited any claim of entitlement to the insurance proceeds when the plaintiff completed the two-step

5

process and the defendant failed to answer the complaint and assert a claim to the proceeds).

2. Motion for Final Distribution of Excess Funds

After the dismissal of the GDOR and the entry of default judgment against Odessa, only the IRS and Bennett remain. The IRS and Bennett have submitted a proposed distribution of the excess funds. (Doc. 19.) The IRS and Bennett did not request disbursement of the interest accrued on the excess funds in the registry of the Court; nevertheless, the Court awards the IRS and Bennett the interest in the same proportion as their proposed distribution of the excess funds. After careful review, the Court accepts the proposed distribution and **GRANTS** the joint motion for final distribution of excess funds, plus interest. (Id.)

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** the joint motion to dismiss the GDOR (Doc. 21) and **GRANTS** the joint motion for final distribution of excess funds (Doc. 19). **IT IS HEREBY ORDERED** that the Clerk shall: (1) **DISMISS** the GDOR from this case; (2) **ENTER DEFAULT JUDGMENT** against Odessa; (3) and **DISTRIBUTE** $31,911.90 of the excess funds plus 80% of any accrued interest to the IRS and **DISTRIBUTE** $7,820.88 of the excess funds plus 20% of any accrued interest to Bennett. After the final distribution of funds, the Clerk is hereby directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of November, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA